

**Weil, Gotshal & Manges LLP**

January 22, 2013

Gary D. Friedman
+1 (212) 310-8963
gary.friedman@weil.com

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/13

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
New York, NY 10007

Re: *Barrett, et al. v. Forest Laboratories, Inc., et al.*, No. 1:12-cv-05224 (RA) (MHD)

Dear Judge Abrams:

We represent Defendants Forest Laboratories, Inc. and Forest Pharmaceuticals, Inc. (collectively, "Defendants") in the above-referenced action and write on behalf of the parties to request that: (1) the deadline for Defendants to respond to the Amended Class Action Complaint (the "Amended Complaint") be extended through and including February 4, 2013; (2) the Parties be granted leave to file memoranda of law in excess of the page limitations set forth in Rule 3.D of Your Honor's Individual Rules and Practices ("Individual Rules") and in Section B of the Motion Procedures for the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York (the "Pilot Project Rules"); and (3) no pre-motion conference be required with respect to Defendants' forthcoming responsive motion.

On November 5, 2012, Plaintiffs served their 88-page putative class and collective action Amended Complaint on Defendants. On November 13, 2012, Defendants wrote the Court to request an extension from November 26, 2012 through and including January 25, 2013 to respond to the Amended Complaint, which Your Honor granted on the same day (Doc. No. 19). Due to various scheduling conflicts, Defendants now request a brief extension to respond to the Amended Complaint, through and including February 4, 2013. Plaintiffs' counsel has consented to Defendants' request for this brief extension.

In addition, in light of, *inter alia*, the significant number of claims and allegations in the putative class action Amended Complaint, which asserts seven causes of action on behalf of ten (10) Named Plaintiffs as well as putative classes and collectives under Title VII and the Equal Pay Act, respectively, an enlargement of the page limitations set forth in Rule 3.D of Your Honor's Individual Rules and in Section B of the Pilot Project Rules is necessary and appropriate for briefing of Defendants' responsive motion. Pursuant to Section B, the parties jointly seek leave to enlarge the usual page limitations for memoranda of law to allow for fifty (50) pages each for Defendants' opening brief and Plaintiffs' opposition brief, and thirty-five (35) pages for Defendants' reply brief.

The Honorable Ronnie Abrams
January 22, 2013
Page 2

**Weil, Gotshal & Manges LLP**

Finally, the parties have exchanged correspondence concerning the bases for Defendants' forthcoming motion. As Your Honor is aware, Rule 3.B of Your Honor's Individual Rules does not require a pre-motion conference for non-discovery motions, but instead requires parties to use their best efforts to resolve informally the matters in controversy before a defendant makes a Rule 12(b) motion. The Pilot Project Rules allow a court to select the pre-motion procedures with respect to Rule 12(b) motions (which is the crux of Defendants' forthcoming motion) from various options, including requiring the parties to exchange letters prior to the filing of a Rule 12(b) motion in lieu of holding a pre-motion conference. This is the option Your Honor selected in Your Honor's Individual Rules by requiring an exchange of letters in advance of motions to dismiss but not requiring pre-motion conferences for any non-discovery motions. Therefore, there is presumptively no need for a pre-motion conference for the crux of Defendants' forthcoming motion. We note, however, that a portion of our motion will seek to strike certain allegations in the Amended Complaint, which technically falls outside of the rubric of Rule 12(b). The parties have conferred on this issue and agree that a pre-motion conference is not necessary with respect to this aspect of the motion. Therefore, the parties respectfully submit that no pre-motion conference should be required under these circumstances.

Therefore, with Plaintiffs' consent to each of the foregoing items, Defendants respectfully request that the Court grant the relief set forth in the first paragraph above.

Respectfully,

Gary D. Friedman

cc:   David Sanford, Esq. (counsel for Plaintiffs)

The deadline for Defendants to respond to the Amended Complaint is extended through and including February 4, 2013. Defendants' opening brief and Plaintiffs' opposition brief shall be no more than fifty (50) pages each. Defendants' reply brief shall be no more than twenty (20) pages. No pre-motion conference is required. So ordered.

USDJ
1/23/13