```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/1/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MEGAN BARRETT, *et al.*,

                              Plaintiffs,

                     -v-

FOREST LABORATORIES, INC. and
FOREST PHARMACEUTICALS, INC.,

                             Defendants.
-----------------------------------------------------------X

No. 12-cv-5224 (RA)

AMENDED ORDER PRELIMINARILY
APPROVING THE CLASS
SETTLEMENT

RONNIE ABRAMS, United States District Judge:

Upon consideration of Plaintiffs' Motion for Preliminary Approval of the Class Settlement ("Settlement" or "Settlement Agreement"), and upon the Court's review of exhibits annexed to such motion, including the Settlement Agreement and the parties' proposed Notice, as well as the pleadings and proceedings in this case to date, IT IS HEREBY ORDERED AS FOLLOWS:

    1.     The Court preliminarily approves the Settlement Agreement as being fair, reasonable and adequate, subject to the right of any Class Member to challenge the fairness, reasonableness or adequacy of the Settlement Agreement and to show cause, if any exists, why a final judgment dismissing this case and all released claims should not be entered following a Final Approval Hearing. The Court notes, however, that expenses cannot properly be awarded where counsel gives the Court "no information" upon which to judge the expenses' necessity or relevance to the representation. *See In re Facebook, Inc. IPO Sec. & Deriv. Litig.*, 2015 WL 6971424, at *12 (S.D.N.Y. Nov. 9, 2015). Here, counsel has supported the request for expenses with no more than a declaration of the total, which counsel claims

1

amounts to $480,000, or 12% of the settlement amount. Counsel shall provide additional details in support of any expenses requested with their motion for final approval.

2. For settlement purposes only, and without any effect whatsoever in the event that the settlement is not consummated, the Class is certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure as follows:

> All female sales force employees who are or were employed by Forest Laboratories, Inc., Forest Pharmaceuticals, Inc., or any of their affiliates, parents, predecessors, successors, and assigned to a legacy-Forest position of Sales Representative, Specialty Representative, Hospital Representative, Institutional Representative and/or Regional Sales Trainer in the United States for at least one day between February 6, 2010 and April 3, 2017.

3. For settlement purposes only, and without any effect whatsoever in the event that the Settlement is not consummated, the Equal Pay Act Collective is certified pursuant to 29 U.S.C. § 216(b) as follows:

> All female sales force employees who are or were employed by Forest Laboratories, Inc., Forest Pharmaceuticals, Inc., or any of their affiliates, parents, predecessors, successors, and assigned to a legacy-Forest position of Sales Representative, Specialty Representative, Hospital Representative, Institutional Representative and/or Regional Sales Trainer in the United States for at least one day between February 6, 2010 and April 3, 2017.

4. For settlement purposes only, and without any effect whatsoever in the event that the settlement is not consummated, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court hereby appoints as Class Counsel David W. Sanford, Esq. of SANFORD HEISLER SHARP, LLP and Deborah K. Marcuse, Esq. of FEINSTEIN DOYLE PAYNE & KRAVEC, LLC to represent the Class and Collective for purposes of the Settlement.

5. The Court hereby appoints RG2 Claims Administration LLC, P.O. Box

59479, Philadelphia, PA 19102-9479. The Claims Administrator shall perform the duties set forth in the Settlement Agreement.

6. The Court hereby approves the Notice of Proposed Class and Collective Action Settlement (the "Notice")—attached as Exhibit B to the Settlement Agreement, which is attached as Exhibit 1 to the Declaration of Deborah K. Marcuse in Support of Plaintiffs' Motion for Preliminary Approval of the Class Settlement—**subject to the following changes**:

- On page 2 of the Notice, the second-to-last sentence should be revised to include the underlined text: "If the Settlement is granted final approval by the Court after the Final Approval Hearing, the Court's judgment will be final and binding <u>on you unless you request to be excluded from the Settlement. The Court will exclude from the class any member who requests exclusion according to the procedures in this Notice. If you do not request exclusion and if the Court grants final approval of the Settlement, you will be bound by the Court's orders and the terms and releases in the Settlement.</u>"

- On page 4 of the Notice, the final paragraph of section 7 should be revised to read: "You do not need to hire your own lawyer because Class Counsel are working on your behalf. Nonetheless, you may hire your own lawyer if you wish, <u>and that lawyer may enter an appearance on your behalf.</u> If you hire your own lawyer, you are responsible for paying for that lawyer. <u>Alternatively, you may file a written objection or appear at the Final Approval Hearing without a lawyer. Whether a lawyer represents you or not, however, you must comply with all deadlines set forth in this Notice if you choose to object.</u>"

Plaintiffs shall make the above changes (they need not be underlined in the amended notice) and refile a copy of the amended notice on the docket no later than <u>February 6, 2018</u>. At that point, the amended notice may be distributed without additional leave of the Court according to the terms in the Settlement Agreement, which requires the Notices to be distributed no later than 20 business days after the Preliminary Approval Date (*i.e.*, the date this Order is entered). With the above amendments, the Notice's substance, form, and manner, will comply with all requirements. *See generally Escort v. Princeton Info. Ltd.*, 2017 WL 1194684, at *3 (S.D.N.Y. March 30, 2017).

7. Based on the deadlines set forth in the Settlement Agreement, a Final Approval Hearing shall take place on <u>May 2, 2018</u> at <u>9:00 a.m.</u> in the courtroom of the Honorable Ronnie Abrams at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 1506, New York, NY 10007, to determine whether the proposed settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be finally approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and whether this action should be dismissed pursuant to the Settlement.

8. Class Members shall be bound by the judgments in this case unless such Class Members request exclusion from the Settlement in a timely and proper manner, as provided herein. To request exclusion, a Proposed Class Member must send a written request for exclusion by mail, postmarked within forty-five (45) days after the postmark date of the Notice, to the Claims Administrator at the address designated in the Notice. The request for exclusion must contain the statements described in the Notice, must be signed by the Proposed Class Member, and must state her name, address and telephone number. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above.

9. The Court will consider objections to the Settlement that are submitted in a timely and proper manner, as provided herein. To object to the Settlement, a Class Member must send written objections to the Claims Administrator, postmarked within forty-five (45) days after the Notice was originally mailed by the Settlement Administrator. The objection must include a detailed description of the basis of the objection. The postmark date of the objection shall be the exclusive means for determining that an objection is timely. Settlement Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections

and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.

10. Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Defendants shall serve upon the appropriate State Official in which any Proposed Class Member resides, as determined by Defendants' records, a notice of the proposed Settlement in compliance with the requirements of CAFA, 28 U.S.C. §1715.

11. If the Settlement is terminated as provided in the Settlement Agreement, then, in such event, the Settlement Agreement, including any amendment(s) thereof, and this Order, shall be deemed null and void ab initio, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, as set forth in the Settlement Agreement, and each party shall be restored to her or its respective position as of the date and time immediately prior to the execution of the Settlement Agreement. All negotiations and information and materials pertaining in any way to the Settlement Agreement or the settlement of this case will be inadmissible and remain confidential to the fullest extent permitted by law, as set forth in the Settlement Agreement.

12. As of the date hereof, all proceedings in this case are stayed until further order of this Court, except as may be necessary to implement the Settlement Agreement.

13. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 266.

SO ORDERED.

Dated: February 1, 2018
New York, New York

_____
Ronnie Abrams
United States District Judge